SASHA G. RAO (SBN 244303)
srao@maynardcooper.com
Maynard Cooper & Gale LLP
Two Embarcadero Center, Suite 1450
San Francisco, CA 94111
Telephone: (415) 646-4702
Facsimile: (205) 254-1999

Attorneys for Defendant Sparxo, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCANNING TECHNOLOGIES INNOVATIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SPARXO, INC.,<br><br>Defendant. | Case No. 4:22-CV-02644-JST<br><br>**SPARXO, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Defendant Sparxo, Inc. ("Sparxo" or "Defendant") files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Scanning Technologies Innovations, LLC's ("Plaintiff" or "Scanning Technologies") Complaint for Patent Infringement ("Complaint"). Sparxo denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[1]

**PARTIES AND JURISDICTION**

1.  Sparxo admits that the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. § 1, et seq.

2.  Sparxo admits that this Court has subject matter jurisdiction over this action pursuant to 28

---

[1] For avoidance of doubt, Sparxo denies liability for all allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

1. U.S.C. §§ 1331 and 1338(a).

3. Sparxo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and, on that basis, denies all such allegations.

4. Sparxo admits the allegations in Paragraph 4 of the Complaint.

5. Sparxo does not contest that the Court has personal jurisdiction over it in this case. Sparxo admits that it conducts business in the State of California. Sparxo denies it has committed or is committing acts of infringement within this district or elsewhere and, on that basis, denies the remaining allegations of Paragraph 5 of the Complaint.

6. Sparxo admits that it conducts business in the State of California, including using and offering for sale the accused products. Sparxo denies it has committed or is committing acts of infringement within this district or elsewhere and, on that basis, denies the remaining allegations of Paragraph 6 of the Complaint.

## VENUE

7. Sparxo does not contest that venue is proper in this case. Sparxo denies it has committed or is committing acts of infringement within this district or elsewhere and, on that basis, denies the remaining allegations of Paragraph 7 of the Complaint.

## COUNT I:
## [ALLEGED] INFRINGEMENT OF UNITED STATES PATENT NO. 10,600,101

8. Sparxo incorporates paragraphs 1 through 7 herein by reference.

9. Sparxo admits that the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, in particular, under 35 U.S.C. §§ 271, et seq.

10. Sparxo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint.

11. Sparxo admits that a purported copy of U.S. Patent No. 10,600,101 (the "'101 Patent") is attached to the Complaint as Exhibit A and that the face of that patent indicates that it is entitled "Systems and Methods for Indicating the Existence of Accessible Information Pertaining to Articles of Commerce."

12. Sparxo denies the '101 Patent is valid and enforceable. Sparxo is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 of the Complaint and, on that basis, denies all such allegations.

13. Sparxo denies the allegations in Paragraph 13 of the Complaint.

14. Sparxo denies the allegations in Paragraph 14 of the Complaint.

15. Sparxo denies the allegations in Paragraph 15 of the Complaint.

16. Sparxo denies the allegations in Paragraph 16 of the Complaint.

17. Sparxo denies the allegations in Paragraph 17 of the Complaint.

18. Sparxo denies the allegations in Paragraph 18 of the Complaint.

19. Sparxo denies the allegations in Paragraph 19 of the Complaint.

20. Sparxo denies the allegations in Paragraph 20 of the Complaint.

21. Sparxo denies the allegations in Paragraph 21 of the Complaint.

22. Sparxo denies the allegations in Paragraph 22 of the Complaint.

23. Sparxo denies the allegations in Paragraph 23 of the Complaint.

24. Sparxo denies the allegations in Paragraph 24 of the Complaint.

25. Sparxo denies the allegations in Paragraph 25 of the Complaint.

26. Sparxo is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint and, on that basis, denies all such allegations.

## [PLAINTIFF'S] PRAYER FOR RELIEF

Sparxo denies the Plaintiff is entitled to any relief from Sparxo and denies all the allegations contained in Paragraphs (a)-(e) of Plaintiff's Prayer for Relief

## AFFIRMATIVE DEFENSES

Sparxo's Affirmative Defenses are listed below. Sparxo reserves the right to amend its answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

## FIRST AFFIRMATIVE DEFENSE

Sparxo has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '101 Patent.

3

Case No. 4:22-CV-02644-JST                    SPARXO, INC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT

**SECOND AFFIRMATIVE DEFENSE**

Each asserted claim of the '101 Patent is invalid for failure to comply with one or more of the statutory requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**THIRD AFFIRMATIVE DEFENSE**

To the extent that Plaintiff, its licensees and any predecessors in interest to the '101 Patent failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Sparxo's actions allegedly infringe the '101 Patent, Sparxo is not liable to Plaintiff for the acts alleged to have been performed before Sparxo received actual notice that it was allegedly infringing the '101 Patent.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff asserts that Sparxo indirectly infringes, either by contributory infringement or inducement of infringement, Sparxo is not liable to Plaintiff for the acts alleged to have been performed before Sparxo knew that its actions would cause indirect infringement.

**FIFTH AFFIRMATIVE DEFENSE**

The claims of the '101 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by Sparxo.

**SIXTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be granted.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that any system employed or process practiced by Sparxo comprises: "a mobile device comprising a portable handheld housing and a communication interface configured to enable the mobile device to communicate with a communication network, the mobile device further comprising a signal processing device and a visual input device, the visual input device affixed within the portable handheld housing"; "digital

files associated with the mobile device"; "a server in communication with the communication network, the server comprising a server database configured to store a look-up table that includes at least a plurality of bar codes associated with a plurality of articles of commerce, the look-up table also storing a plurality of information link indicators, each information link indicator associated with a respective bar code and article of commerce, and each information link indicator being configured as a status signal indicating the existence or absence of a link to information pertaining to a respective article of commerce, the link being made to the information via the communication network"; and "wherein the visual input device is configured to scan an image of an article of commerce, decode the image to obtain a bar code and forward data from the scanned image to the signal processing device"; and "wherein, in response to receiving the bar code, the signal processing device is configured to look up the bar code in the look-up table to determine from a respective information link indicator whether or not a link exists for accessing information pertaining to an article of commerce associated with the bar code via the communication network"; as required by Claim 1 of the '101 Patent.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is estopped, based on statements, representations, and admissions made during prosecution of the patent application resulting in the asserted patent, from asserting any interpretation of any valid, enforceable claims of the '101 Patent that would be broad enough to cover any accused product alleged to infringe the asserted patent, either literally or by application of the doctrine of equivalents.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are statutorily limited or barred by 35 U.S.C. §§ 286 and 287. Plaintiff is further barred under 35 U.S.C. § 288 from recovering costs associated with its action.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovering its reasonable attorney's fees, costs, and or increased damages under 35 U.S.C. §§ 284 or 285.

**ELEVENTH AFFIRMATIVE DEFENSE**

Should Sparxo be found to infringe any valid, enforceable claim of the '101 Patent, such infringement was not willful.

**SPARXO'S COUNTERCLAIMS**

For its counterclaims against Plaintiff Scanning Technologies Innovations LLC ("Scanning Technologies"), Counterclaim Plaintiff Sparxo, Inc. ("Sparxo"), alleges as follows:

**PARTIES**

1. Counterclaim Plaintiff Sparxo, Inc. is an entity organized and existing under the laws of California that maintains a place of business at 88 King Street #418, San Francisco, CA 94107.

2. Upon information and belief based solely on Paragraph 3 of the Complaint as pled by Plaintiff, Counterclaim Defendant Scanning Technologies Licensing LLC is a corporation organized and existing under the laws of Texas that maintains its principal place of business at 1801 NE 123 St., Suite 314, Miami, FL 33181.

**JURISDICTION**

3. Sparxo incorporates by reference Paragraphs 1–2 above.

4. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 et seq., and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5. Scanning Technologies has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6. Based solely on Scanning Technologies' filing of this action, venue is proper for purposes of these counterclaims in this District pursuant at least 28 U.S.C. §§ 1391 and 1400.

**COUNT I**

**DECLARATION REGARDING NON-INFRINGEMENT OF THE '101 PATENT**

7. Sparxo incorporates by reference Paragraphs 1–6 above.

8. Based on Scanning Technologies' filing of this action and at least Sparxo's first affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Sparxo infringes U.S. Patent No. 10,600,101 (the "'101 Patent").

9. Sparxo does not infringe at least Claim 1 of the '101 Patent because, inter alia, the accused system does not comprise: "a mobile device comprising a portable handheld housing and a communication interface configured to enable the mobile device to communicate with a communication network, the mobile device further comprising a signal processing device and a visual input device, the visual input device affixed within the portable handheld housing"; "digital files associated with the mobile device"; "a server in communication with the communication network, the server comprising a server database configured to store a look-up table that includes at least a plurality of bar codes associated with a plurality of articles of commerce, the look-up table also storing a plurality of information link indicators, each information link indicator associated with a respective bar code and article of commerce, and each information link indicator being configured as a status signal indicating the existence or absence of a link to information pertaining to a respective article of commerce, the link being made to the information via the communication network"; and "wherein the visual input device is configured to scan an image of an article of commerce, decode the image to obtain a bar code and forward data from the scanned image to the signal processing device"; and "wherein, in response to receiving the bar code, the signal processing device is configured to look up the bar code in the look-up table to determine from a respective information link indicator whether or not a link exists for accessing information pertaining to an article of commerce associated with the bar code via the communication network."

10. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Sparxo requests a declaration by the Court that Sparxo has not infringed and does not infringe any claim of the '101 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement).

## COUNT II

## DECLARATION REGARDING INVALIDITY

11. Sparxo incorporates by reference Paragraphs 1–10 above.

12. Based on Scanning Technologies' filing of this action and at least Sparxo's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '101 Patent.

7

Case No. 4:22-CV-02644-JST

SPARXO, INC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT

13.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Sparxo requests a declaration by the Court that the claims of the '101 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## COUNT III

## DECLARATION REGARDING VEXATIOUS LITIGANT

14.     Sparxo incorporates by reference Paragraphs 1-13 above.

15.     Scanning Technologies sued Sparxo, a small start-up based in California without legal counsel and immediately sought to force a settlement with the founders without any intention of testing the merits of its claims.

16.     Scanning Technologies is a well-known non-practising entity that has filed over sixty (60) lawsuits alleging infringement of Rothschild patents of questionable validity. None of these lawsuits have proceeded past early motion practice. Scanning Technologies has an established pattern of filing frivolous lawsuits against lots of smaller companies and seeking a quick nuisance settlement for alleged infringement of patents listing Rothschild as an inventor.

17.     Scanning Technologies' pattern is similar to other Rothschild entities where this pattern is followed.  In *Rothschild Connected Devices Innovations, LLC v. Guardian Prot. Servs., Inc*, the Federal Circuit reversed the district court's denial of *Guardian* attorney fees holding that Rothschild's vexatious litigation evidenced by a pattern of "'the repeated filing of patent infringement actions for the sole purpose of forcing settlements, with no intention of testing the merits of one's claims, is relevant to a district court's exceptional case determination under § 285'" 858 F.3d 1383, 1390 (Fed. Cir. 2017) (quoting *Newegg*, 793 F.3d at 1350).

18.     Sparxo requests the Court to declare Scanning Technologies a vexatious litigant under *Guardian* and/or under Cal. Code Civ. Proc. § 391(b), based not only on the frivolous Complaint filed against Sparxo, but also based on their long history of frivolous litigation.

## PRAYER FOR RELIEF

WHEREFORE, Sparxo asks this Court to enter judgment in Sparxo's favor and against Scanning Technologies by granting the following relief:

a). a declaration that the '101 Patent is invalid;

b). a declaration that Sparxo does not infringe, under any theory, any valid claim of the '101 Patent that may be enforceable;

c). a declaration that Scanning Technologies take nothing by its Complaint;

d). judgment against Scanning Technologies and in favor of Sparxo;

e). dismissal of the Complaint with prejudice;

f). a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Sparxo of its costs and attorneys' fees incurred in this action;

g). a declaration that Scanning Technologies is a vexatious litigant; and

h). further relief as the Court may deem just and proper.

## JURY DEMAND

Sparxo hereby demands trial by jury on all issues.

Dated: July 1, 2022

MAYNARD COOPER & GALE LLP

By */s/ Sasha Rao*
Sasha G. Rao (SBN 244303)
srao@maynardcooper.com
Two Embarcadero Center, Suite 1450
San Francisco, CA 94111
Telephone: (415) 646-4702
Facsimile: (205) 714-6415

Attorneys for Defendant Sparxo, Inc

**CERTIFICATE OF SERVICE**

I am employed in San Francisco County in the State of California. I am over the age of eighteen years and not a party to this action. My business address is Maynard Cooper & Gale, LLP, Two Embarcadero Center, Suite 1450, San Francisco, CA 94111. On July 1, 2022, I caused the foregoing document to be served via CM/ECF on all counsel of record.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct.

Executed on July 1, 2022, at San Francisco, California.

Mila Dunn